**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GWENDOLYN KAY PARRET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-01-1432-HE |
| | ) | |
| UNICCO SERVICE COMPANY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff has filed her motion to compel discovery from defendant Bridgestone/Firestone Inc. ("Bridgestone") [Doc. #172], to which Bridgestone has responded and plaintiff has replied.

Plaintiff seeks to compel the production of copies of Bridgestone's energy control procedures and lockout/tagout procedures, applicable to lighting systems in excess of 110 volts, for all Bridgestone plants in the United States where plant maintenance is performed by Bridgestone rather than contracted out to third parties. Bridgestone objects on the basis of relevance and the burden of producing the requested information.

Bridgestone's relevance argument boils down to its assertion that, under the circumstances of this case, its only potential liability is a matter of premises liability, that plaintiff was an invitee,[1] and that Bridgestone had no liability where the dangerous condition was open and obvious. As the danger of working on a "hot" lighting system was obvious, Bridgestone argues it had no duty to plaintiff and that information as to its procedures at

---

[1] *This order sometimes refers to "plaintiff" as meaning Mr. Parret, although his Personal Representative is the actual plaintiff.*

other plants is not relevant here. Bridgestone's statement of the general rule of premises liability is no doubt correct.[2] A landowner generally owes an invitee a duty to protect him from dangerous conditions which are not "apparent and readily observable." Thomas v. E-Z Mart Stores, Inc., 2004 OK 82, 102 P.3d 133, 136 (Okla. 2004) (quoting Pickens v. Tulsa Metropolitan Ministry, 1997 OK 152, 951 P.2d 1079, 1083-8 (Okla. 1997)). However, Oklahoma law, like tort law generally,[3] recognizes that where liability to the employee of an independent contractor is concerned, the owner's interference with or exertion of control over the contractor's work may subject the owner to liability. Marshall v. Hale-Halsell Co., 1997 OK 3, 932 P.2d 1117, 1119 (Okla. 1997) (owner not liable as long as it "did not interfere with or direct the work" for contractor); Hatley v. Mobil Pipe Line Co., 1973 OK 42, 512 P.2d 182 (Okla. 1973).

Here, the plaintiff claims that Bridgestone, by insisting on repairs to its emergency lighting system under circumstances where (due to its around the clock production schedule, without down time for repairs, and the configuration of the electrical system) the contractor and its employees could not safely work on the lights, retained sufficient control to subject it to liability. Since Bridgestone may have a duty to plaintiff in these circumstances, notwithstanding the apparent and obvious nature of the risk, its knowledge of that risk and the forseeability of the potential harm to persons situated like plaintiff becomes pertinent.[4]

---

[2] *Both parties concede the substantive law of Oklahoma applies here.*

[3] *See generally Restatement of Torts 2d, §§410-429, and related case annotations.*

[4] *In light of this conclusion, it is unnecessary to resolve the question of whether OSHA regulations may also impose a duty on Bridgestone in this regard.*

The evidence sought by plaintiff is therefore relevant. *See* Fed.R.Civ.P. 26(b)(i). Further, in the face of the purely conclusory allegations of undue burden asserted by defendant, the court concludes plaintiff is entitled to the discovery she seeks. Plaintiff's motion to compel is therefore **GRANTED**. Bridgestone is directed to provide the requested copies within **ten (10) days** from entry of this order.[5] As further briefing is unnecessary to resolve the present discovery issue, Bridgestone's motion for leave to file sur-reply brief [Doc. #193] is **DENIED**.

While not prevailing, the court concludes defendant's position was substantially justified within the meaning of Fed.R.Civ.P. 37(a)(4) and that each party should therefore bear its own fees and costs in connection with the motion.

**IT IS SO ORDERED**.

Dated this 26th day of January, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[5] *The court views plaintiff's request as pertaining to those plants in which Bridgestone's employees perform the maintenance on lighting systems using in excess of 110 volts. Whether that is three plants or six plants depends on the underlying facts.*