### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GWENDOLYN KAY PARRET, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNICCO SERVICE COMPANY, ET AL., )<br>)<br>Defendants. ) | NO. CIV-01-1432-HE |

### ORDER

Plaintiff has filed her motion to compel discovery responses [Doc. #175] from defendant UNICCO Service Company ("UNICCO"),[1] to which that defendant has responded. The parties' submissions reflect a continuing pattern of petty bickering which renders it difficult to identify which, if any, issues deserve serious attention.[2] Broadly stated, however, it appears UNICCO completely forgot (through "clerical error") to respond to discovery requests propounded by plaintiff in October and November, 2005, and did not respond timely to the phone calls apparently designed to rectify the situation. At the same time, plaintiff forgot to mention that some of her 2005 requests were, at least in part, repetitive of requests that had been made and responded to in 2003, prior to the hiatus in case preparation occasioned by tendering certified questions to the Oklahoma Supreme Court, and that significant production of responsive information and documents had already occurred. The

---

[1] *The motion originally sought default judgment based on defendant's complete non-response to outstanding discovery requests. Defendant belatedly responded, causing plaintiff to drop her request for default judgment but seek other sanctions [Doc. #187].*

[2] *See Order, April 15, 2003, involving overbroad and unduly burdensome requests by plaintiff followed by, in some cases, tardy and non-responsive responses by defendant.*

Court is left with little sympathy for either side.[3]

In any event, taking into account the general standard applicable to discovery,[4] plaintiff's motion to compel is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    **A**.    Sixth Interrogatories to Defendant UNICCO. The motion seeks identification of all documents intended to be used by defendants as potential impeachment. Plaintiff's Fifth Request for Production requests production of those same documents. Defendant objects on the basis the requests are vague, overbroad, and that it has no way to know now what it may use for impeachment at trial.[5] The court concludes the objection is well taken and the motion is denied as to these requests.

    **B**.    Fifth Request for Production of Documents. The motion is granted as to the request for non-HIPPA information in the personnel files of Dobson, Singleton, Fry, and Lindegard,[6] and as to union grievances filed by those persons during 1997 through 1999 and otherwise within the scope of the request.[7] Such information shall be kept confidential, used

---

[3] *The Court also has no inclination to shift costs here, pursuant to Fed.R.Civ.P. 37 (a)(4) or otherwise, given how the actions and posturing of both parties have contributed to the present dispute.*

[4] *In general, discovery may be had of any matter, not privileged, that is relevant to the claim or defense of a party or which is reasonably calculated to lead to the discovery of such evidence. Fed.R.Civ.P. 26(b)(1).*

[5] *Defendant does not explicitly object on the basis of work product or similar privilege, though the requests seem to be, in substance, a request to "tell me your trial strategy."*

[6] *Defendant states the file has already been produced for Lindegard. As to the others, the fact that these individuals are not parties to the case is of little concern and a confidentiality order can protect the legitimate privacy expectations of the parties and/or involved individuals.*

[7] *Grievances filed prior to the incident giving rise to this case may be relevant to the knowledge of one or both defendants of dangerous conditions at the plant. The relevance of grievances filed in 2000 or later is not apparent.*

for purposes of this litigation only, and returned to defendant at the conclusion of the case. The motion is granted as to plaintiff's request for updated copies of the energy control procedures for the emergency lighting in Area 4. Although, as defendant correctly notes, such information is not admissible on the issue of negligence or culpability, it may be admissible to show the feasibility of precautionary measures. Fed.R.Evid. 407. The motion is granted as to OSHA logs for the years 1997 through 1999;[8] post-event logs have no apparent relevance to this case. The motion is denied as to documents related to the ISO 9000 certification, as they have already been produced for the period through 12/2000 per agreement of the parties. The motion is denied as to "top 12" minutes, in light of the previous production. The motion is denied as to the "train to trainer" documents and other pamphlets and tape referenced in the Maya deposition, in light of the previous responses and production. The motion is granted as to copies of safety audits conducted by UNICCO's insurers for the years 1997-2000; they may be documents generated by the insurer(s), but if defendant has copies they are subject to production. The motion is denied as to post-incident retraining of employees, as Fed.R.Evid. 407 appears to render such evidence irrelevant.[9] The motion is denied as to the Liberty Mutual job safety program documents and as to the lockout procedures related to the 1997 OSHA citation, in light of the prior responses and production.

    **C.**    Seventh Interrogatories to Defendant. Given the lapse of time since this case

---

[8] *Defendant states it has already provided the logs for 1999.*

[9] *Unlike the energy control procedures referenced previously, it is not apparent how, given the circumstances and issues in this case, employee retraining would relate to any "feasibility" exception to Rule 407.*

was filed and the initial discovery done, it is not unreasonable for plaintiff to inquire as to whether Jan Mercier is still employed by defendant. As defendant's brief, and presumably its formal responses, indicate she is so employed, the other supplemental questions do not apply and there is nothing further to resolve.

**D**.   Sixth Request for Production of Documents. The motion is granted as to the non-HIPPA portions of the personnel file of Jan Mercier, subject to the same confidentiality limitations as referenced above with respect to the other employees.

In the event of further disputes between the parties either as to implementation of this order or any other aspect of discovery, the parties, through counsel, are **ORDERED** to meet in person and confer. In the event outstanding issues remain, any filing by a party shall include specific information as to: (a) the date and location of the in-person conference, (b) the persons in attendance, and (c) a description of the issues which the parties have been unable to resolve.

**IT IS SO ORDERED**.

Dated this 26th day of January, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE