IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GWENDOLYN KAY PARRET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-01-1432-HE |
| | ) | |
| UNICCO SERVICE COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Gwendolyn Parret filed this action as the personal representative of the estate of Glenn Parret, her deceased husband. Mr. Parret, an employee of defendant UNICCO Service Company ("UNICCO") at the time of his death, was killed while working at the Oklahoma City Dayton Tire plant owned by codefendant Bridgestone/Firestone, Inc., d/b/a Dayton Tire ("Bridgestone"). UNICCO, an independent contractor, had been hired by Bridgestone to provide maintenance services at the plant. The decedent was electrocuted while working on emergency light fixtures in a warehouse and died as a result of his injuries. The plaintiff contends her husband's death resulted from the defendants' willful and intentional acts of having the decedent work on the lights despite their knowledge of the substantial dangers associated with the task.[1]

UNICCO has filed a motion for summary judgment contending the plaintiff's claim against it is barred because she was previously awarded workers' compensation death benefits. UNICCO argues the plaintiff cannot circumvent the exclusive remedy provision

---

[1] The plaintiff also claims that Bridgestone was negligent. Bridgestone's motion for judgment as a matter of law is addressed by separate order.

of the Workers' Compensation Act (1) because the Workers' Compensation Court determined that her husband's death was "accidental" and (2) because of the absence of evidence demonstrating an "intentional" injury.

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The evidence and any reasonable inferences that might be drawn from it are viewed in the light most favorable to the nonmoving party. Simms v. Okla. ex rel. Dep't of Mental Health and Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999). Having applied the Rule 56 standard to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law," Jeffries v. Kansas, 147 F.3d 1220, 1228 (10th Cir.1998) (internal quotation and citation omitted), the court concludes the defendant's motion should be denied.[2]

## Issue preclusion/waiver

UNICCO argues that the plaintiff is collaterally estopped by the Workers' Compensation Court's finding of "accidental injury" from now claiming the accident was

---

[2] *The court's task in resolving the motion would have been aided by the plaintiff either responding directly and sequentially to each of the defendant's factual statements or at least identifying clearly those she does not contest (apparently defendant's fact nos. 1,17, and 35-36). The court notes that two exhibits, nos. 4 and 5 (the affidavit and memorandum of John Lindegard), that UNICCO references in its motion were not filed with its motion. An affidavit executed by Lindegard was attached to UNICCO's reply.*

2

"intentional."³ While the issue has not been squarely addressed by the Oklahoma courts in the circumstances existing here, the cases stop short of indicating that an employee's receipt of workers' compensation benefits will preclude a subsequent suit based on the employer's alleged commission of an intentional tort. *E.g.,* Harrington v. Certified Systems, Inc., 45 P.3d 430 (Okla. Civ. App. 2000). *See generally* Davis v. CMS Continental Natural Gas, Inc., 23 P.3d 288 (Okla. 2001). However, even if the doctrine might prevent an employee from relitigating the nature – accidental or intentional – of his injury in certain contexts, it would not apply to bar the plaintiff's claim in this case.

"Issue preclusion prevents relitigation of facts and issues *actually litigated and necessarily determined* in an earlier proceeding between the same parties or their privies. An issue is actually litigated and necessarily determined if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined." State ex rel. Oklahoma Bar Ass'n v. Giger, 93 P.3d 32, 38 (Okla. 2004). The record before the court does not demonstrate that the nature of the decedent's injury, as relevant to the present inquiry, was "actually litigated." Whether the injury was "accidental" from the standpoint of the employee, which was the issue in the workers' compensation proceeding, is not the same question as whether the employer's conduct was "intentional" within the meaning of the exclusivity exception.⁴ There is no suggestion here that the nature of the employer's conduct

---

³*The issue was raised by Justice Opala in his dissent.* Parrot, *127 P.3d at 581-83 (Opala, J., dissenting).*

⁴*"The accidental nature of a willful injury is examined from the perspective of the injured worker rather than the aggressor or assailant responsible for the injury."* Wal-Mart Stores, Inc. v.

3

was decided or even addressed in the proceeding.[5] Under these circumstances, the doctrine of issue preclusion does not apply to bar the plaintiff's claim.

Similarly unpersuasive is UNICCO's waiver argument, that the plaintiff "elected to pursue her remedy in workers' compensation court and is now precluded from maintaining a civil action for the same injury." Defendant's motion, p. 13. Under the Pryse Monument "election of remedies" rule,[6] an employee who has two remedies for the same injury and has prosecuted one of them to conclusion is barred from resorting to another remedy. Dyke v. Saint Francis Hospital, Inc., 861 P.2d 295, 302 (Okla. 1993). Referred to as a "[w]aiver by election," the rule applies when three elements coincide: "(a) two or more remedies must be in existence (b) the available remedies must be inconsistent[7] [and] (c) choice of one remedy

---

Reinholtz, 955 P.2d 223, 225 (Okla.1998). The Act enumerates certain exceptions to workers' compensation coverage "based on an employee's (1) willful injury to self or another, (2) failure to use a guard or protection furnished against accident, (3) substance abuse, or (4) horseplay." Parret, 127 P.3d at 578. 85 Okla. Stat. § 11.

[5] It is questionable whether plaintiff, the party against whom issue preclusion is asserted, had a "full and fair opportunity" to litigate the relevant issue in any event. Although nominally represented by counsel at the hearing, the plaintiff was essentially unrepresented throughout the brief workers' compensation process. UNICCO prepared all of the paperwork and submitted the claim on her behalf.

[6] Although UNICCO refers to the plaintiff having "elect[ed] the remedy of workers' compensation," the defendant is not relying on the anachronistic doctrine of election of remedies, see Howell v. James, 818 P.2d 444, 445-48 (Okla. 1991), but the Pryse Monument "election of remedies" rule. See Pryse Monument, 595 P.2d at 436-38.

[7] Although it is unnecessary to resolve the issue here, it is questionable whether the inconsistent remedies element has been met. The remedies found in Pryse Monument to be "separate, alternative, and mutually exclusive," id. at 437, were a claim in the State Industrial Court and a negligence claim. Id. at 436-37. The plaintiff in this case has asserted an intentional tort claim against UNICCO.

Case 5:01-cv-01432-HE   Document 302   Filed 03/21/06   Page 5 of 9

and its pursuit to conclusion must be made with knowledge of alternatives that are available." Pryse Monument Co. v. District Court of Kay County, 595 P.2d 435, 437 (Okla. 1979). Assuming the first two elements are satisfied, the third has not been shown. The cases cited by UNICCO generally demonstrate that employees found to have waived their right to pursue a second remedy were aware of their alternative remedies.

Pryse Monument Company, the plaintiff employer in the seminal case, was uninsured, despite being governed by the Workmen's Compensation Act. Consequently, when its employee sustained an on-the-job injury, he had the option under the Act of seeking relief in either the State Industrial Court or the district court. 85 Okla. Stat. § 12. The worker initially filed a claim in the State Industrial Court. After it was denied because it was filed outside the one year limitations period, he then filed a negligence action in state district court. Pryse Monument sought a writ of prohibition to prevent the district court from proceeding with the lawsuit. The Oklahoma Supreme Court held the second action was "barred by waiver through prior conclusive election of another remedy." Pryse Monument, 595 P.2d at 438.

A knowing election also is apparent in Griffin v. Baker Petrolite Corp., 99 P.3d 262 (Okla.Civ.App. 2004), another case relied on by UNICCO. The plaintiff in Griffin, prior to filing an action in state district court, had unsuccessfully sought relief from the Occupational Health and Safety Administration and had been awarded benefits by the Oklahoma Workers' Compensation Court. The facts before this court, in contrast to those surrounding the waivers found in Pryse Monument and Griffin, do not support a finding that the plaintiff

Case 5:01-cv-01432-HE   Document 302   Filed 03/21/06   Page 5 of 9

and its pursuit to conclusion must be made with knowledge of alternatives that are available." Pryse Monument Co. v. District Court of Kay County, 595 P.2d 435, 437 (Okla. 1979). Assuming the first two elements are satisfied, the third has not been shown. The cases cited by UNICCO generally demonstrate that employees found to have waived their right to pursue a second remedy were aware of their alternative remedies.

Pryse Monument Company, the plaintiff employer in the seminal case, was uninsured, despite being governed by the Workmen's Compensation Act. Consequently, when its employee sustained an on-the-job injury, he had the option under the Act of seeking relief in either the State Industrial Court or the district court. 85 Okla. Stat. § 12. The worker initially filed a claim in the State Industrial Court. After it was denied because it was filed outside the one year limitations period, he then filed a negligence action in state district court. Pryse Monument sought a writ of prohibition to prevent the district court from proceeding with the lawsuit. The Oklahoma Supreme Court held the second action was "barred by waiver through prior conclusive election of another remedy." Pryse Monument, 595 P.2d at 438.

A knowing election also is apparent in Griffin v. Baker Petrolite Corp., 99 P.3d 262 (Okla.Civ.App. 2004), another case relied on by UNICCO. The plaintiff in Griffin, prior to filing an action in state district court, had unsuccessfully sought relief from the Occupational Health and Safety Administration and had been awarded benefits by the Oklahoma Workers' Compensation Court. The facts before this court, in contrast to those surrounding the waivers found in Pryse Monument and Griffin, do not support a finding that the plaintiff

5

waived her right to pursue her claim against UNICCO by knowingly choosing or electing to seek workers' compensation benefits. Here, there is no indication plaintiff knowingly pursued a workers compensation claim to the exclusion of other remedies she might have.

The court concludes the doctrines of estoppel/issue preclusion and waiver do not bar the plaintiff's claims.

### Intentional Tort

The closer question is whether the plaintiff has presented evidence sufficient to create a triable issue as to the applicability of the "intentional tort" exception to the exclusivity provision of the Oklahoma Workers Compensation Act.

In responding to the questions certified to it by this court, the Oklahoma Supreme Court addressed the question of when, despite the exclusivity provision of the Workers' Compensation Act, an employer may be sued by an employee for a work-related injury. Parret v. UNICCO Service Co., 127 P.3d 572 (Okla. 2005). While the Oklahoma Supreme Court had "long recognized ... that in some cases 'an employee who has been wilfully injured by his employer [may] ha[ve] a common law action for damages," *id.* at 574 (quoting Roberts v. Barclay, 369 P.2d 808, 809 (Okla. 1962), it had not definitively determined what sort of conduct was necessary to make out "willful" or "intentional" conduct within the meaning of the exception to the exclusive remedy doctrine.

The Oklahoma court's answers to the certified questions posed have now resolved the legal issue. In order to establish the applicability of the intentional tort exception, a plaintiff must show that the employer:

6

(1) desired to bring about the worker's injury or (2) acted with the knowledge that such injury was substantially certain to result from the employer's conduct.[8]

Id. at 579. "Under the second part of this standard, the employer must have intended the act that caused the injury with knowledge that the injury was substantially certain to follow." Id. The plaintiff must establish not merely that the injury was substantially certain to occur, but that the employer knew it was substantially certain to occur – "[t]he employer's subjective appreciation of the substantial certainty of injury must be demonstrated." Id. Direct evidence of the employer's intent is not required. Parret, 127 P.3d at 579 (" In most cases, however, it will be necessary to demonstrate the employer's subjective realization by circumstantial evidence"). The employer's knowledge may be inferred from its conduct and the surrounding circumstances. Id.

Here, the plaintiff has presented evidence that UNICCO knew that there were no current electrical prints or lockout/tagout procedures for the emergency lighting system in the warehouse area where the decedent was working and that it was aware that UNICCO employees did not know how to disconnect the power to the lights without serious adverse consequences.[9] The record also reflects that a few months before the decedent was killed another employee, Brian Martin, was electrically shocked -- his hand was badly burned --

---

[8]Of course, there is no suggestion here that UNICCO desired to bring about Mr. Parret's injury, so only the second part of the test is in issue in this case.

[9]There is evidence that when several employees attempted to de-energize the lights, they inadvertently turned off the overhead lights in the warehouse, endangering other employees working in that area.

while working on a similar (277) voltage lighting system.[10] After that accident, UNICCO issued a memo on 5-18-99 to all its employees, stating in part:

> Your safety and that of your fellow employees is our most important priority here at UNICCO. Of the safety rules and regulations we follow here at Dayton, lockout-tagout is one of the most important. Because of the potential consequences for failure to follow proper lockout-tagout procedures (serious injury or even death), we must take violations very seriously.

Defendant's Exhibit #2. However, evidence has been submitted that UNICCO supervisors not only were aware that employees worked on the emergency lighting system "hot," but directed them to do so.[11] There is evidence that several employees refused to work on the emergency lights because they could not be de-energized, but that UNICCO supervisors would then, on occasion, direct the same work order to other employees. There is some evidence suggesting this occurred as to the work assignment given to Mr. Parret.

The court concludes the evidence identified above, combined with other evidence in the record, is sufficient to create a triable issue and to warrant submission of the plaintiff's

---

[10]*Martin was injured even though he had been able to take, and had taken, safety precautions. There apparently was a lockout/tagout procedure for the circuit he was working on. See plaintiff's Exhibit 26, pp. 56-57. There is evidence that the accident was caused by a missing insulating device, id. at 57, and because "[d]ue to the nature of a 277V electrical system, the neutral stays in the circuit unless the entire control panel is shut done [sic], which was not feasible due to the ongoing warehouse operations." Plaintiff's Exhibit 32. Nonetheless, his injury is evidence of the dangers associated with high voltage electricity and of UNICCO's knowledge of it.*

[11]*Much of the evidence as to working the lights "hot" either related to events occurring prior to the 5/18/99 memo or to events the dates of which were not clear. However, taking the evidence in the light most favorable to the plaintiff, there is at least some evidence tending to show the indicated conduct after the memo was issued.*

intentional tort claim against UNICCO to a jury.[12] The question is close because of the very narrow nature of the intentional tort exception to the exclusive remedy rule. The "substantial certainty" test announced by the Oklahoma Supreme Court in Parret is a high standard and will rarely be met. Nonetheless, in the circumstances existing here, the court concludes the plaintiff's claim against UNICCO is supported by evidence which, when taken in the light most favorable to the plaintiff, is sufficient to create a triable issue of fact as to whether that admittedly stringent standard has been satisfied.[13]

Accordingly, defendant UNICCO's motion for summary judgment [Doc. #180] is **DENIED**.

IT IS SO ORDERED this 21 day of March, 2006.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[12]As noted by UNICCO in its reply brief, some of the plaintiff's evidence consists of inadmissible hearsay. Ignoring that, the court still has found sufficient proof supporting her claim to create a jury issue.

[13]The court's review of the evidence also revealed repeated instances of abusive deposition tactics by Mr. Stallings, plaintiff's counsel, most often involving insertion of an "asked and answered" objection in circumstances where a legitimate followup question was asked, then bickering about it so vigorously that the deposition, along with every participant's thought process, was disrupted. Mr. Stallings is admonished for his inappropriate conduct.